## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHARLES GASPARD**                                    **CIVIL ACTION**

**versus**                                             **NO. 13-4443**

**BURL CAIN**                                          **SECTION: "B" (1)**

## REPORT AND RECOMMENDATION

        This matter was referred to this United States Magistrate Judge for the purpose of

conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed

findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

Upon review of the record, the Court has determined that this matter can be disposed of without an

evidentiary hearing.  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the

petition be **DISMISSED WITH PREJUDICE**.

        Petitioner, Charles Gaspard, is a state prisoner incarcerated at the Louisiana State

Penitentiary, Angola, Louisiana. On August 6, 2010, he was convicted of second degree murder

under Louisiana law.[1]  On February 8, 2011, he was sentenced to a term of life imprisonment

without benefit of parole, probation, or suspension of sentence.[2]  On December 28, 2012, the

---

   [1]  State Rec., Vol. VIII of IX, transcript of August 6, 2010, p. 94; State Rec., Vol. I of IX, minute entry dated August 6, 2010; State Rec., Vol. I of IX, jury verdict form.

   [2] State Rec., Vol. VIII of IX, transcript of February 8, 2011, p. 10; State Rec., Vol. I of IX, minute entry dated February 8, 2011; State Rec., Vol. II of IX, Reasons for Sentence.

Louisiana First Circuit Court of Appeal conditionally affirmed that conviction and sentence.[3]  The

Court of Appeal held:

> [W]e conditionally affirm the defendant's conviction and sentence, and remand to the trial court for the purpose of determining whether a *nunc pro tunc* competency hearing may be possible.  If the trial court believes that it is still possible to determine defendant's competency at the time of the trial on the charge, the trial court is directed to hold an evidentiary hearing and make a competency ruling.  If defendant was competent, no new trial is required.  If defendant is found to have been incompetent at the time of trial, or if the inquiry into competency is found to be impossible, he is entitled to a new trial.  Defendant's right to appeal an adverse ruling is reserved.[4]

According to the state's response, that hearing was set for August 5, 2013;[5] however, it is not clear

from the record whether the hearing was in fact held on that date and, if so, what ruling resulted.

In the interim, petitioner filed the instant federal application seeking *habeas corpus*

relief.[6]  In that application, he claims that he "is being held without a court order for his custody."[7]

He explains that claim as follows:

> The court order under the pretext of which the petitioner is being unlawfully imprisoned does not exist.  Though the petitioner's sentencing minutes falsely allege otherwise – there was never any written or oral court order for the petitioner's commitment to the

---

[3] State v. Gaspard, No. 2011 KA 2098, 2012 WL 6737838 (La. App. 1st Cir. Dec. 28, 2012); State Rec., Vol. IX of IX.

[4] Id. at *6.

[5] Rec. Doc. 20, p. 6, ¶ 49.

[6] Rec. Doc. 1.

[7] Rec. Doc. 1, p. 6.

> Louisiana Department of Corrections filed or made – as exhibits
> which the petitioner can provide to the court upon request show.[8]

The state argues that federal relief should not be granted because petitioner failed to exhaust his

remedies in the state courts and, moreover, his claim has no merit in any event.  The state is correct

on both points.

Where, as here, an individual is confined by state authorities, he must first exhaust

his remedies in the state courts before seeking *habeas corpus* relief in the federal courts.  28 U.S.C.

§ 2254(b)(1)(A) (requiring exhaustion of state remedies in  *habeas corpus* actions brought pursuant

to § 2254); see also Edge v. Stalder, 83 Fed. App'x 648 (5th Cir. 2003) (exhaustion of state remedies

is likewise required in  *habeas corpus* actions brought pursuant to 28 U.S.C. § 2241); Dickerson v.

Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (same).  Further, as the United States Fifth Circuit

Court of Appeals has explained:

> [A] claim is not exhausted unless the habeas petitioner provides the
> highest state court with a "fair opportunity to pass upon the claim,"
> which in turn requires that the applicant "present his claims before
> the state courts in a procedurally proper manner according to the
> rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702

(5th Cir. 1988)); see also Carty v. Thaler, 583 F.3d 244, 254 (5th Cir. 2009) ("Fair presentation does

not entertain presenting claims for the first and only time in a procedural context in which its merits

will not be considered unless there are special and important reasons therefor.  The purposes of the

exhaustion requirement would be no less frustrated were we to allow federal review to a prisoner

---

[8] Rec. Doc. 1, p. 6.

who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." (citation and quotation marks omitted)).

In a telephone conversation on August 13, 2013, this Court confirmed with the Clerk's Office of the Louisiana Supreme Court that petitioner had not properly filed any applications with the Louisiana Supreme Court challenging his current confinement.  Clearly, therefore, he has not exhausted his state court remedies with respect to his instant claim.[9]  Accordingly, this Court could dismiss the instant petition *without prejudice* for that reason.

However, the undersigned recommends that the petition instead be dismissed *with prejudice* on an alternative ground.  It is beyond cavil that a federal court has the authority to deny a *habeas* claim on the merits regardless of whether the petitioner exhausted his state court remedies and whether exhaustion is waived by the state.  See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civ. Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May

---

[9] The Court is, of course, aware that petitioner will beg to differ on that point.  As he has noted, and as he is sure to note again in his objections to this Report and Recommendation, he attempted to file a writ application with the Louisiana Supreme Court.  However, the Supreme Court returned that application unfiled.  See Rec. Doc. 7, p. 9.  As the Supreme Court indicated in its accompanying letter, the application was improper because his appeal was still pending, citing La. Code Crim. P. art. 924.1 ("An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending.").  Because the filing was procedurally improper, the Louisiana Supreme Court did not have a "fair opportunity" to consider the claim and, therefore, it is unexhausted.

13, 2008). Because petitioner's claim has no merit, it is should be dismissed with prejudice on that basis in the interest of judicial economy.

To the extent that petitioner is contending that the trial judge did not order that he be committed to the Louisiana Department of Public Safety and Corrections, that is simply untrue. At sentencing, the trial judge stated: "[I]t is the sentence of this Court that you be committed to the Department of Corrections, at hard labor, for the remainder of your life, without benefit of parole, probation, or suspension of sentence."[10] That same statement was likewise included in the judge's written "Reasons for Sentence."[11]

In its response in this proceeding, the state suggests that perhaps petitioner is also claiming that the record fails to include a Louisiana Uniform Commitment Sentencing Order in violation of La. Code Crim. P. art. 890.1. Although the state argues that article 890.1 does not apply to petitioner,[12] this Court need not reach that issue. Even if that is in fact petitioner's claim, a violation of article 890.1 simply could not serve as a basis for federal relief under 28 U.S.C. § 2254. Rather, federal *habeas corpus* relief may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3). Accordingly, mere violations of state law would not suffice. See Engle v. Isaac, 456 U.S. 107, 119 (1983).

---

[10] State Rec., Vol. VIII of IX, transcript of February 8, 2011, p. 10.

[11] State Rec., Vol. II of IX, Reasons for Sentence.

[12] Rec. Doc. 20, pp. 9-10.

## <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus*

relief filed by Charles Gaspard be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this fourteenth day of August, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.